IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | Chapter 11 | |
| § | Jointly Administered Under | |
| DEEP MARINE HOLDINGS, INC. et al., § | Case No. 09-39313-H1-11 | |
|     Debtors. § | | |
| _____ § | | |
| § | | |
| OFFICIAL COMMITTEE OF § | | |
| UNSECURED CREDITORS, § | | |
|     Plaintiffs (Adv. 10-3116), § | | |
| And § | | |
| Deep Marine Holdings and Deep Marine § | | |
| Technology, Inc. § | | |
|     Plaintiffs (Adv. 10-3026) § | | |
| v. § | Adversary No. 10-3116 | |
| § | Adversary No. 10-3026 | |
| FLI DEEP MARINE LLC, BRESSNER § | | |
| PARTNERS LTD., LOGAN LANGBERG, § | | |
| HARLEY LANGERG, DEEPWORK, INC., § | | |
|     Defendants. § | | |

**RULE 42 MOTION TO CONSOLIDATE
ADVERSARY NO. 10-3116 INTO ADVERSARY NO. 10-3026**

TO THE HONORABLE MARVIN P. ISGUR, UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors ("Committee") in the above referenced, jointly administered Chapter 11 cases (the "Cases"), hereby requests, pursuant to Rule 42, that the Court consolidate Adv. No. 10-03116 with Adv. No. 10-03026, showing unto the Court as follows:

**Factual Background**

1.     The Debtors have filed adversary proceeding 10-3026 against the FLI Defendants[1] seeking to restrain them from violating the stay and collecting on estate assets outside of the bankruptcy case. The FLI Defendants' causes of action are estate property or

---
[1] Defined in the Complaint (Docket #1) of that Adversary.

proceedings against the estate because they are derivative claims or claims based on the shares they formerly held in one of the Debtors.

2.	The Committee has also sued the same FLI Defendants in adversary proceeding 10-3116.  The Committee seeks a determination that the FLI Defendants are subordinated in payment to the other unsecured creditors.  The FLI Defendants' claims should be subordinated because they are derivative claims or claims based on the shares they formerly held in one of the Debtors.

3.	The Court may take judicial notice of the docket and allegations of both adversary proceedings and the main case and proceedings before it.  The Committee believes that consolidating the two adversary proceedings is efficient and that the adversary proceedings arise from the same common question of fact, namely, whether the FLI Defendants are pursuing derivative claims or rights as shareholders, or direct third party claims.

## Legal Standard

4.	Bankruptcy Rule 7042 adopts Fed. R. Civ. P. 42(a), which sets for the standard for consolidating adversary proceedings:

> (a) Consolidation.
>
> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

5.	The standard for consolidating two or more cases is simply that they involve "a common question of law or fact." *Capps v. Eggers*, 782 F.2d 1341, 1342 (5th Cir. 1986).  The

standard is highly discretionary. Id. Even if common questions do not predominate, the court may consolidate for the sake of efficiency. *Saudi Basic Indus. Corp. v. ExxonMobil Corp.*, 194 F. Supp. 2d 378, 416 (D.N.J. 2002).

6. No notice of consolidation is required and the court may consolidate *sua sponte*, as the court did in *Capps*. The Court is given broad discretion to use its common sense to save time and resources.

7. While notice of this motion is not required under Rule 42(a), the Plaintiffs are providing notice to all affected parties by filing this motion in both adversary proceedings.

## Consolidation is Efficient and Sensible

8. The prosecution of two parallel suits would be uneconomical, as depositions and discovery would be necessarily duplicative. Separate proceedings also subject the parties to the potential of unfair estoppel or claim preclusion. Multiple proceedings on the same issue before the same court waste the Court's time and resources.

9. If the Court did not consolidate the cases, then the Court should require the FLI Defendants to answer on an expedited basis and permit joint expedited discovery and joint hearings, as issues in both cases are likely to be tried together, especially given the short deadlines for plan confirmation.

WHEREFORE, premises considered, the Committee requests that the Court consolidate adversary proceeding 10-3116 into 10-3026, with 10-3026 remaining as the only adversary proceeding and for such further relief to which it may show itself justly entitled.

DATED: March 8, 2010.

>Respectfully submitted,
>
>MCKOOL SMITH P.C.
>
>By: */s/ H. M. Ray, III*
>    HUGH M. RAY, III
>    State Bar No. 24004246
>    600 Travis, Suite 7000
>    Houston, Texas 77002
>    Telephone: (713) 485-7300
>    Facsimile: (713) 485-7344
>
>ATTORNEYS FOR OFFICIAL COMMITTEE
>OF UNSECURED CREDITORS

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2010, a true and correct copy of the foregoing document has been served via DLR 5.1 and the ECF system, to the parties on the ECF service list.

>*/s/ Hugh M. Ray, III*
>HUGH M. RAY, III