IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | Jointly Administered Under |
| DEEP MARINE HOLDINGS, INC. et al., | § | Case No. 09-39313-H1-11 |
|    Debtors. | § | |
| | § | |
| | § | |
| OFFICIAL COMMITTEE OF | § | |
| UNSECURED CREDITORS, | § | |
|    Plaintiffs | § | |
| v. | § | Adversary No. 10-3116 |
| | § | |
| FLI DEEP MARINE LLC, BRESSNER | § | |
| PARTNERS LTD., LOGAN LANGBERG, | § | |
| HARLEY LANGERG, DEEPWORK, INC., | § | |
|    Defendants. | § | |

## MOTION TO SHORTEN ANSWER DATE

TO THE HONORABLE MARVIN P. ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Plaintiff, the Official Committee of Unsecured Creditors of Deep Marine Technologies ("Committee"), hereby requests that the Court reduce the Defendants' deadline to answer the Committee's Complaint (Docket #1), based on the following grounds:

1.  The Committee requests that the time to answer the Complaint be shortened to require all responses to be filed and served by March 25, 2010. The Defendants are already represented in a parallel proceeding. The status of the FLI Defendants as subordinated creditors must be determined prior to the plan confirmation, which should happen at the end of May.

2.  Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, the defendant is required to answer a complaint "within 30 days after the issuance of the summons, except when a different time is prescribed by the court." (emphasis added). This is a unique rule, not parallel with Rule 12 of the Federal Rules of Civil Procedure, which does not explicitly permit the Court to reduce an answer date. Bankruptcy Rule 7012 furthers the policy goal of

efficient administration of the bankruptcy estate.

3. Likewise, in a bankruptcy proceeding, "the court for cause shown may in its discretion with or <u>without motion or notice</u> order the [response] period reduced." Fed R. Bankr. P. 9006(c)(1) (emphasis added). The issue of shortening an answer date of an adversary proceeding is left to the bankruptcy court's sound discretion.

4. The Committee submits that there is sufficient cause to justify shortening the answer date. All of the Defendants in the Complaint are adequately represented by counsel in related proceedings in Adversary No. 10-03026, where such counsel has filed pleadings and appeared on their behalf in relevant hearings therein. In fact, the Defendants have litigated and briefed many of the common factual issues raised by the Complaint (*see, e.g.,* Adversary No. 10-03026, Docket #14).

5. Moreover, the subordination issue must be resolved to determine voting, distribution, and the best interests of creditors issues for confirmation of any plan of reorganization. A plan must be filed by March 15 or the Debtors will be in default under loan covenants with their DIP Lender.

6. Therefore, there is adequate cause to reduce Defendants' deadline to answer the Complaint. A shortened answer date will not prejudice the Defendants, nor will it prejudice any other parties in interest. The Court may take judicial notice of the complaint and its brevity.

7. The Committee will serve the Motion to Shorten upon the same parties served with the Complaint. If the answer date is shortened, Counsel for the FLI Defendants will be notified immediately by e-mail and notice of the order shortening the answer date will be served by overnight courier to the defendants at their service addresses.

WHEREFORE, PREMISES CONSIDERED, the Committee requests the Court reduce the time to answer the Complaint to March 25, 2010, and for such other and further relief to which it may show itself justly entitled.

DATED: March 9, 2010.

Respectfully submitted,

MCKOOL SMITH P.C.

By: __/s/ H. M. Ray, III__
    HUGH M. RAY, III
    State Bar No. 24004246
    600 Travis, Suite 7000
    Houston, Texas 77002
    Telephone: (713) 485-7300
    Facsimile: (713) 485-7344

ATTORNEYS FOR OFFICIAL COMMITTEE
OF UNSECURED CREDITORS

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2010, a true and correct copy of the foregoing document has been served via DLR 5.1 and the ECF system to the parties on the ECF service list and by mail to Defendants at the service addresses listed on the complaint.

    */s/ Hugh M. Ray, III*
    HUGH M. RAY, III