UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | |
|---|---|
| In re:<br><br>DEEP MARINE HOLDINGS, INC. et al.,<br><br>    Debtors.<br><br>───────────────────────<br><br>OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS,<br><br>    Plaintiffs,<br><br>FLI DEEP MARINE LLC, BRESSNER PARTNERS LTD., LOGAN LANGBERG, HARLEY LANGBERG, DEEPWORK, INC.,<br><br>    Defendants. | Chapter 11<br><br>Jointly Administered Under<br>Case No. 09-39313-H1-11<br><br><br><br><br>Adversary No. 10-3116 |

## **ANSWER**

Defendants, FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg, ("Defendants"), answer the complaint filed by the Official Committee of Unsecured Creditors ("Plaintiff") as follows:

# INTRODUCTION AND PARTIES

1. The allegations contained in Paragraph 1 of the complaint are such that they may neither be admitted nor denied.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3. Defendants admit to the truth of the allegations set forth in Paragraph 3 of the Complaint except the allegations contained in Subparagraph (e).

## JURISDICTION AND VENUE

4. Defendants admit the allegations contained in Paragraph 4 of the complaint.

## LITIGATION BACKGROUND

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and Defendants refer the Court to the complaint pending in the Delaware Court of Chancery under Case No. 5020-VCS.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants deny the allegations set forth in Paragraph 7 of the Complaint except that the Defendants admit that a complaint was filed on November 31, 2008.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

RC/D698791v1/M053154/C0052510

9. Defendants admit to the truth of the allegations set forth in Paragraph 9 of the Complaint.

## FURTHER BACKGROUND

10. No response is required with respect to the allegations set forth in Paragraph 10 of the Complaint and Defendants refer the Court to the Complaint pending in the Delaware Court of Chancery under Case No. 5020-VCS for the contents thereof.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint. Defendants refer the Court to the Complaint pending in the Delaware Court of Chancery under Case No. 5020-VCS for the contents thereof.

12. No response is required with respect to the allegations set forth in Paragraph 12 of the Complaint and Defendants refer the Court to the Complaint pending in the Delaware Court of Chancery under Case No. 5020-VCS for the contents thereof.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

## Count One: Mandatory Subordination Under 11 U.S.C. § 510(b)

14. Defendants incorporate by reference each and every one of the responses set forth above as if fully set forth herein.

15. The allegations contained in Paragraph 15 of the complaint call for legal conclusions that may not be admitted nor denied by Defendants.

16. The allegations contained in Paragraph 16 of the complaint call for legal conclusions that may not be admitted nor denied by Defendants.

RC/D698791v1/M053154/C0052510

17. The allegations contained in Paragraph 17 of the complaint call for legal conclusions that may not be admitted nor denied by Defendants.

18. No response is required with respect to the allegations set forth in Paragraph 18 of the Complaint and Defendants refer the Court to the Complaint pending in the Delaware Court of Chancery under Case No. 5020-VCS for the contents thereof.

19. No response is required with respect to the allegations set forth in Paragraph 19 of the Complaint and Defendants refer the Court to the Complaint pending in the Delaware Court of Chancery under Case No. 5020-VCS for the contents thereof.

20. No response is required with respect to the allegations set forth in Paragraph 20 of the Complaint and Defendants refer the Court to the Complaint pending in the Delaware Court of Chancery under Case No. 5020-VCS for the contents thereof.

21. No response is required with respect to the allegations set forth in Paragraph 21 of the Complaint and Defendants refer the Court to the Complaint pending in the Delaware Court of Chancery under Case No. 5020-VCS for the contents thereof.

22. The allegations contained in Paragraph 22 of the complaint call for legal conclusions that may not be admitted nor denied by Defendants.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

### Count Two: Equitable Subordination Under 11 U.S.C. § 510(c)

24. Defendants incorporate by reference each and every one of the responses set forth above as if fully set forth herein.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. The allegations contained in Paragraph 26 of the complaint call for legal conclusions that may not be admitted nor denied by Defendants.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff fails to state claims upon which relief can be granted and fails to state facts that support the claims set forth in the Complaint.

### Second Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, due to the fact that, contrary to the assertions of the Plaintiff in paragraphs 15 – 23 of the Complaint, the Defendants are not seeking rescission of a purchase or sale of a security.

Dated: Garden City, New York
April 9, 2010

        JASPAN SCHLESINGER LLP

        By: <u>Lisa M. Golden</u>

        Lisa M. Golden (LMG-2148)
        300 Garden City Plaza
        Garden City, New York 11530
        (516) 746-8000
        Fax: (516) 393-8282

        PADUANO & WEINTRAUB LLP
        1251 Avenue of the Americas
        Ninth Floor
        New York, New York 10020
        (212) 785-9100

        Attorneys for the Defendants
        FLI Deep Marine LLC, Bressner Partners Ltd.,
        Logan Langberg and Harley Langberg

RC/D698791v1/M053154/C0052510